# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cv-303-FDW
# (3:12-cr-30-FDW-1)

| | |
|---|---|
| FREDDIE ANDAYA, ) )  Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | ORDER |

THIS MATTER comes before the Court on Petitioner's Motion for Reconsideration and/or Alter/Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 16).

## I. BACKGROUND

Following a guilty plea by Petitioner, this Court sentenced Petitioner to life in prison for conspiracy to possess with intent to distribute cocaine, under 21 U.S.C. §§ 846 and 841(b)(1)(A); to 240 months, to be served concurrently, for conspiracy to commit money laundering, under 18 U.S.C. § 1956(h); and to a consecutive sentence of 60 months for using a firearm during and in relation to a drug-trafficking crime and aiding and abetting the same, under 18 U.S.C. §§ 924(c) and 2. (Crim. Case No. 3:12-cr-30-FDW, Doc. No. 45: Judgment). On July 14, 2015, Petitioner filed the underlying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On March 18, 2016, this Court denied and dismissed Petitioner's motion to vacate on the merits. On April 29, 2016, Petitioner filed the pending motion for reconsideration and/or alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

1

## II. STANDARD OF REVIEW

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

## III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion Petitioner merely reasserts some of the same arguments made in support of the original motion to vacate. In sum, the Court will deny Petitioner's motion.

## IV. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's motion for reconsideration and/or alter/amend judgment.

**IT IS, THEREFORE, ORDERED** that

(1) Petitioner's Motion for Reconsideration and/or Alter/Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), (Doc. No. 16), is **DENIED**.

(2) The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

_____
Frank D. Whitney
Chief United States District Judge